IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, TAMPA DIVISION

Ricky Simmons,
    Plaintiff(s)

v.

Alberta R. Severin and John E. Severin,
individually and as trustees of the Severin
Family Trust u/a/d November 11, 2001,
    Defendant(s)

Case No: 8:17-CV-200-T-33AEP

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rick Simmons, sues Defendant(s), Alberta R. Severin and John E. Severin, individually and as trustees of the Severin Family Trust u/a/d November 11, 2001, and states as follows:

### JURISDICTION

1.    Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

2.    This Court has jurisdiction over the asserted state law claims in this action pursuant to 28 U.S.C. 1367(a) because they are so related to the underlying federal claims as to involve the same case or controversy.

### PARTIES & COVERAGE

3.    On information and belief, at all material times, Defendants Alberta R. Severin and John E. Severin were and are trustees of the Severin Family Trust u/a/d November 11, 2011 (the "Trust").

1



4. The Trust is a trust established by Florida law that owns real property in Polk County, Florida known as "Hillcrest Lodge", a former resort now operated as apartments.

5. Defendants reside in, and the Trust's principal place of business is located in, Citrus County, Florida.

6. At all material times, the Trust was Defendant Simmons' "employer" as defined by the FLSA.

7. Defendants Alberta R. Severin and John E. Severin had operational control of the Trust's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

8. In approximately June of 2016, Plaintiff Ricky Simmons was hired by Defendants to collect rent from tenants, answer telephone calls, show the property to potential tenants, open and staff the lodge, distribute mail, and perform maintenance on the premises.

9. In July, his duties increased to include security.

10. Plaintiff's hours varied but were up to about 44 hours per week and was employed for about 23 weeks.

11. The reasonable value of Plaintiff's services was $15.00 per hour.

12. In the alternative, although Plaintiff does not allege he agreed to work for $12.50 per hour, the Defendants have admitted and alleged that the parties agreed on a reasonable wage of $12.50 per hour.

13. However, during his entire period of employment, Plaintiff was not actually paid anything for his services.

14. Plaintiff did reside on the premises without paying rent, but upon his termination, Defendants alleged he owed back rent for this period.

15. Plaintiff was engaged in interstate commerce. For example, the phone calls he answered used devices that moved in interstate commerce and used interstate telecommunications facilities and systems. The potential tenants he showed the property to included tenants from outside the state of Florida. The mail he distributed was delivered in in interstate commerce by the U.S. Postal Service. The maintenance he performed included use of equipment and supplies that moved in interstate commerce.

16. Therefore, Plaintiff Ricky Simmons is subject to individual coverage under the FLSA.

17. In the alternative, the Trust and the Defendants are subject to enterprise coverage because they, individually or collectively, have annual business of at least $500,000.

18. Plaintiff has retained The Brinson Firm to represent him in this litigation and has agreed to pay a reasonable fee for the firm's services.

### COUNT I – RECOVERY OF MINIMUM WAGE & OVERTIME - FLSA

19. Plaintiff restates the allegations of paragraphs 1 through 18, above.

20. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiff at least minimum wage for all hours worked;

   b. Failing to compensate Plaintiff at least 1.5 times his regular rate for hours worked in excess of 40 per work week; and

   c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

21. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA.

22. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

23. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked.

24. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

25. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

## COUNT II – DECLARATORY JUDGMENT

26. Plaintiff restates the allegations of paragraphs 1 through 18, above.

27. Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

28. This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

29. The Defendants have violated the FLSA by:

   a. Failing to compensate Plaintiff at least minimum wage for all hours worked;

   b. Failing to compensate Plaintiff at least 1.5 times his regular rate for all hours worked in excess of 40 per work week; and

   c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

30. Plaintiff is entitled to declaratory relief.

31. Plaintiff is entitled to minimum wage and overtime compensation.

32. Plaintiff is entitled to an equal amount of liquidated damages.

33. It is in the public interest to have these declarations of rights recorded.

34. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

35. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

### COUNT III – RECOVERY OF MINIMUM WAGE – FLORIDA MINIMUM WAGE ACT/CONSTITUTION

36. Plaintiff restates the allegations of paragraphs 1 through 18, above.

37. This is a cause of action for unpaid minimum wages for which the amount in controversy is in excess of $15,000.

38. All conditions precedent to the filing of this action have been fulfilled.

39. The Defendants have violated Fla. Stat. § 448.110 and Art. 10 § 24 of the Florida Constitution by failing to compensate Plaintiff at least minimum wage for all hours worked.

40. Defendants failed to properly disclose or apprise Plaintiff of his rights under the Florida Minimum Wage Act.

41. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked.

42. Plaintiff is also entitled to liquidated damages pursuant to the Florida Minimum Wage Act.

43. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the Florida Minimum Wage Act and the Florida Constitution.

### COUNT IV – RECOVERY OF UNPAID WAGES – FLORIDA COMMON LAW

44. Plaintiff restates the allegations of paragraphs 1 through 18, above.

45. This is a cause of action for unpaid wages for which the amount in controversy is in excess of $15,000.

46. Plaintiff is owed unpaid wages from Defendants under a common law theory of unpaid wages.

47. In the alternative, Plaintiff and Defendants had an oral contract whereby Plaintiff would be paid a reasonable hourly wage for all hours worked.

48. In the alternative, under the circumstances, the Court should find that Plaintiff and Defendants had a contract implied in fact whereby Plaintiff would pay Defendant a reasonable hourly wage for all hours worked.

49. In the alternative, under the circumstances, the Court should find that that Plaintiff and Defendants had a contract implied at law, arising from Plaintiff's provision of services to the Defendants, and Defendants' acceptance and retention of those services, under circumstances that make it inequitable for them to retain that benefit without paying a reasonable hourly wage.

50. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked.

51. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

    b. Awarding Plaintiff compensation in the amount due for all time worked;

c. Awarding Plaintiff liquidated damages in an amount equal to the wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of litigation;

e. Awarding Plaintiff pre- and post-judgment interest; and

f. Ordering any further relief the Court deems just and proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted January 24, 2017.

J. Kemp Brinson
Fla. Bar No. 752541
The Brinson Firm
PO Box 582
Winter Haven, FL 33882
KBrinson@BrinsonFirm.com
(863) 288-0234
Counsel for Plaintiff, Ricky Simmons