UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY SIMMONS,

    Plaintiff,

v.     Case No. 8:17-cv-200-T-33AEP

ALBERTA A. SEVERIN and JOHN E.
SEVERIN, INDIVIDUALLY AND AS
TRUSTEES OF THE SEVERIN FAMILY
TRUST U/A/D NOVEMBER 11, 2011,
and HILLCREST LODGE, INC.,

    Defendants.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Defendants Alberta R. Severin and John Severin, individually and as Trustees of the Severin Family Trust u/a/d November 11, 2011, and Hillcrest Lodge, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 20), which was filed on March 30, 2017. Plaintiff Ricky Simmons filed a Response in Opposition to the Motion (Doc. # 21) on April 3, 2017. The Court denies the Motion to Dismiss.

**I.   Background**

Simmons alleges that he worked as an on-site resident manager and security guard at Hillcrest Lodge apartment complex, which is located in Babson Park, Polk County, Florida. He claims that he worked up to 44 hours each week for approximately 23 weeks and never received financial

compensation from Defendants. (Doc. # 11 at ¶ 20). Simmons "was not actually paid anything for his services." (Id. at ¶ 24). Simmons indicates that he cannot ascertain the exact number of hours he worked because Defendants did not keep accurate time records. (Id. at 21). Simmons claims that the reasonable value of his services was $15.00 per hour and "in the alternative," the "parties agreed on a reasonable wage of $12.50 per hour." (Id. at ¶¶ 22-23).

Simmons filed a Complaint against Alberta R. Severin and John Severin, individually and as Trustees of the Severin Family Trust u/a/d November 11, 2011, on January 25, 2017. (Doc. # 1). On March 16, 2017, he filed an Amended Complaint adding Hillcrest Lodge, Inc. as a Defendant, containing four counts. (Doc. # 11).

In Count One he sues all Defendants for recovery of minimum wage and overtime under the Fair Labor Standards Act. In Count Two, he seeks a declaratory judgment that all Defendants have violated the FLSA by: "(a) failing to compensate Plaintiff at least minimum wage for all hours worked; (b) failing to compensate Plaintiff at least 1.5 times his regular rate for all hours worked in excess of 40 per work week; and (c) failing to comply with the time tracking and record keeping requirements of the FLSA and associated

regulations." (Id. at ¶ 41).

Counts Three and Four are asserted pursuant to state law. Specifically, in Count Three, he seeks recovery of minimum wages under the Florida Minimum Wage Act and the Florida Constitution. And, in Count Four, he seeks recovery of unpaid wages pursuant to Florida Common Law. At this juncture, Defendants have filed a Motion to Dismiss the Amended Complaint, to which Simmons has responded. (Doc. ## 20, 21).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

>raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). At the outset, the Court notes that the parties have provided documents external to the Amended Complaint at the motion to dismiss stage. The Court declines to evaluate the extraneous documents and furthermore declines to advance this case to the summary judgment phase of the proceedings. As such, the Court will confine its analysis to the four corners of the Amended Complaint.

### III. Analysis

Defendants advance a number of arguments regarding why this case should be dismissed. However, upon a careful review, none hold merit. As an initial matter, Defendants Alberta Severin and John Severin (individually and as trustees of the Trust) assert that Hillcrest Lodge, Inc. is the only proper Defendant, such that the Severins and the Trust should

be dismissed. The Severins indicate "if any employment relationship was formed it was clearly between Hillcrest Lodge, Inc. and Plaintiff, **as will be evidenced by the exhibits to this Motion to Dismiss."** (Doc. # 20 at 6)(emphasis added). But, at the motion to dismiss stage, the Court declines to review exhibits, especially on a disputed factual issue. As a further source of proof for their contention that Hillcrest Lodge, Inc. should be the sole Defendant, the Severins represent that Simmons "conceded" that Hillcrest Lodge was his sole employer in his application to proceed in forma pauperis in this case.

Once again, the Court refuses to consider documents external to the Amended Complaint when ruling on the present Motion, but even if the Court were to do so, the Court would not find any such concession. The Motion to proceed in forma pauperis states among other things: "The defendants hired me but they never paid me anything for my work. This has left me destitute and homeless." (Doc. # 2 at 5). As to the names of "person[s] owing you or your spouse money," Simmons listed "Alberta & John Severin." (Id. at 3). He also listed "Hillcrest Lodge" in the "employment history" section of the in forma pauperis application. (Id. at 2). The Court refuses to construe the basic facts Simmons provided in an in forma

5

pauperis application as a "concession" concerning a disputed fact.

To state a claim to relief under the FLSA, a plaintiff must allege (1) an employment relationship; (2) that the employer engaged in interstate commerce; and (3) that the employee worked and was not paid. See <u>Vierra v. Sage Dining Servs.</u>, No. 8:10-cv-2267-T-33EAJ, 2010 U.S. Dist. LEXIS 129534, at *5 (M.D. Fla. Nov. 23, 2010). Here, some of the named Defendants contest that Simmons served as an employee. However, "[i]n the FLSA, which was adopted in 1938, Congress defined the term 'employ' to 'include to suffer or permit to work.' As interpreted by the Supreme Court, this statutory 'suffer or permit to work' definition is one of the broadest possible delineations of the employer-employee relationship." <u>Garcia-Celestino v. Ruiz Harvesting, Inc.</u>, 843 F.3d 1276, 1287 (11th Cir. 2016). The Court rejects the Severins' arguments regarding Simmons' employment status. The following allegations asserted in the Amended Complaint satisfy the Court, at this preliminary juncture, that Simmons served as Defendants' "employee" under governing law:

> Defendants Alberta R. Severin and John E. Severin were and are trustees of the Severin Family Trust u/a/d November 11, 2011 (the "Trust"). The Trust is a trust established by Florida law that owns real property located at 241 Palm Ave., Babson

6

Park, Polk County, Florida (the "Property."). The Property is known as "Hillcrest Lodge." . . . . Defendant Hillcrest Lodge, Inc. is owned and controlled by Defendants Alberta R. Severin and John E. Severin, either individually or through the Trust. . . . . Defendant Hillcrest Lodge, Inc. has a business relationship with the Trust and the Severins that enable it to have operational control over the Property. . . . At all relevant times, Defendants Alberta R. Severin and John E. Severin had operational control of the Trust's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment, including as to the Plaintiff. At all relevant times, Defendants Alberta R. Severin and John E. Severin had operational control of Defendant Hillcrest Lodge, Inc.'s day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment, including as to the Plaintiff.

In June of 2016, Plaintiff Ricky Simmons was approached by Defendant Alberta Severin and hired to work at the Property. His duties included collecting rent from tenants, answering telephone calls, showing the Property to potential tenants, opening and staffing the lodge, distributing mail, and performing maintenance at the Property. Plaintiff began work on June 14, 2016. In July, 2016, Plaintiff's duties increased to include security. Defendant Alberta Severin did not explicitly specify to Plaintiff whether he was being hired by her individually, by her and John Severin, individually, by the Trust, or by Hillcrest Lodge, Inc. Notwithstanding, the Trust and Hillcrest Lodge, Inc. are in common control and ownership of Defendants Alberta Severin and John Severin. Additionally, Hillcrest Lodge, Inc., the Trust, and the individual Defendants were all aware that Plaintiff was hired to work at the Property, they all had the authority and ability to control and direct his work, they all had the authority to hire or fire him, they all benefitted from his

> work, and they all suffered and permitted him to
> work on the Property.

(Doc. # 11 at ¶¶ 3-17).

These allegations satisfy the Court, at this preliminary juncture, that each Defendant is properly named and Simmons is an "employee" under the FLSA as to each Defendant. The Court declines Defendants' invitation to evaluate documents outside of the allegations of the Amended Complaint. Focusing on what Simmons plausibly alleged in the Amended Complaint, the Court denies the Motion to Dismiss to the extent it challenges whether Simmons was an "employee" of any named Defendant.

The Court also rejects Defendants' assertion that "Plaintiff's Complaint should be dismissed for failing to adequately allege the number of hours for which he worked and was not paid." (Doc. # 20 at 9). Here, Simmons alleges that Defendants' failure to keep adequate records has prevented him from fully knowing the extent of the failure to pay wages, but that Simmons estimates that he worked "up to about 44 hours per week for 23 weeks" and received no compensation. (Doc. # 11 at ¶¶ 20-21, 24). "The burden is on the defendant to keep accurate and complete time records, and there are very specific records that are required." Robles v. Acebo Roofing Corp., No. 16-cv-21817, 2017 U.S. Dist. LEXIS 33137, at *10

(S.D. Fla. Mar. 7, 2017).

And, at the complaint stage of a FLSA case, a plaintiff is not required to come forward with information about every hour of time for which he was not paid lawfully. "There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." Ramos v. Aventura Limousine & Transp. Serv., Inc., No. 12-21693-civ, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012); see also Dobbins v. Scriptfleet, Inc., No. 8:11-cv-1923-T-24AEP, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012) (rejecting argument that a plaintiff must plead an estimate of the amount of uncompensated hours worked).

In an effort to get to the heart of the matter, the Court has filed the FLSA Scheduling Order, which requires Simmons to provide answers to the Court's Interrogatories regarding the hours that he worked and for Defendants to then furnish Simmons and the Court with "a Verified Summary of all hours worked by Plaintiff during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any." (Doc. # 14 at 2). Notably, the Motion to Dismiss has been filed before Simmons has had the opportunity to file Answers to the Court's Interrogatories and before Defendants' Verified

9

Summary is due.  On due consideration, the Court denies the Motion to Dismiss to the extent it points out that Simmons has not articulated the exact number of hours he worked during his period of employment.  The information exchange contemplated in the FLSA Scheduling Order is designed to facilitate the timely and cost-effective resolution of this matter, and the Court encourages the parties to take full advantage of every settlement opportunity.

Because the Court has denied the Motion to Dismiss as to the FLSA count, which forms the basis of the Court's exercise of subject matter jurisdiction over the case, the Court need not consider Defendants' argument that the Court should decline to exercise jurisdiction over the pendant state law wage claims.  Each of Simmons' claims seek unpaid wages and the Court has jurisdiction over the pendant state law claims asserted in the Amended Complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Alberta R. Severin and John Severin, individually and as Trustees of the Severin Family Trust u/a/d November 11, 2011, and Hillcrest Lodge, Inc.'s Motion to Dismiss Amended Complaint (Doc. # 20) is **DENIED**.

(2) In an effort to expedite the proceedings, the Court directs that Defendants' answers be filed by April 25, 2017.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE